58 A.3d 728

IN THE MATTER OF ARLEEN CABALLERO GONZALEZ, AN ATTORNEY AT LAW (ATTORNEY NO. 021671984).

January 23, 2013.

## ORDER

The Disciplinary Review Board having filed with the Court its decision in DRB 12–206, concluding on the record certified to the Board pursuant to *Rule* 1:20–4(f)(default by respondent), that **ARLEEN CABALLERO GONZALEZ, of LINWOOD,** who was admitted to the bar of this State in 1984, and who has been suspended from the practice of law since December 9, 2011, should receive no additional discipline for her violation of *RPC* 1.16(c)(requiring notice to or permission of a tribunal when terminating a representation) as found in DRB 12–206;

And the Disciplinary Review Board having further determined that that respondent should be required to comply with the conditions of practice previously ordered by the Court: (1) prior to reinstatement to the practice of law, respondent shall provide proof of her fitness to practice law and shall complete courses in law office management approved by the Office of Attorney Ethics, and (2) after reinstatement to practice, respondent shall practice under supervision for a period of two years;

And good cause appearing;

It is ORDERED that no additional discipline be imposed for respondent's unethical conduct in DRB 12–206; and it is further

ORDERED that prior to reinstatement to practice, respondent shall submit proof of fitness to practice law as attested to by a mental health professional approved by the Office of Attorney Ethics, and shall successfully complete a course in law office management approved by the Office of Attorney Ethics; and it is further

ORDERED that after reinstatement to the practice of law, respondent shall practice law under the supervision of a practicing attorney approved by the Office of Attorney Ethics for a period of two years, and until further Order of the Court; and it is further

ORDERED that respondent continue to comply with *Rule* 1:20–20 dealing with suspended attorneys.

ORDERED that the entire record of this matter be made a permanent part of respondent's file as an attorney at law of this State; and it is further

ORDERED that respondent reimburse the Disciplinary Oversight Committee for appropriate administrative costs and actual expenses incurred in the prosecution of this matter, as provided in *Rule* 1:20–17.